IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| JULIO CESAR LOPEZ, | : | ORDER AND MEMORANDUM DECISION DENYING § 2255 PETITION |
| Petitioner, | : | |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | Civil Case No. 1:08-CV-00067-TC |
| Respondent. | | Criminal Case No. 1:03-CR-00062-TC-7 |

A jury found Petitioner Julio Cesar Lopez guilty of one count of conspiracy to distribute 500 grams or more of a detectable amount of methamphetamine and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, both counts in violation 21 U.S.C. § 846. Under both counts Mr. Lopez was also found guilty of aiding and abetting in violation of 18 U.S.C. § 2. The court sentenced Mr. Lopez

to 240 months in prison.[1]  Mr. Lopez has now filed a petition under 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel.

Mr. Lopez, proceeding pro se, identifies three grounds which he claims show his petition should be granted.  In his first ground, Mr. Lopez argues that his counsel was ineffective in adequately explaining the purpose and impact of 21 U.S.C. § 851(b) during the post-trial stage of the case.  His second contention is that his attorney failed to challenge the use of his 2000 conviction in the § 851 information.  Mr. Lopez's final contention is that his counsel was ineffective because he failed to notice and challenge the court's alleged non-compliance with the statutory requisites of § 851.

The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173 (10th Cir. 1997).  But even under this more lenient standard, the court concludes that Mr. Lopez's petition must be denied because, as discussed below, he has failed to show that his

---

[1]The Tenth Circuit Court of Appeals affirmed Mr. Lopez's conviction in United States v. Ramirez, 479 F.3d 1229 (10th Cir. 2007).  In it's decision, the court gave a lengthy explanation of the underlying facts.  The court will not repeat those facts in this order except where necessary to explain its decision.

attorney's performance was ineffective and he has failed to show that his counsel's alleged errors caused prejudice.

ANALYSIS

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "An ineffective claim may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing Fox v. Ward, 200 F.3d 1286, 1295 (10th Cir. 2000)).

To satisfy the first prong of this test, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. For the second prong a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

INEFFECTIVE ASSISTANCE

Mr. Lopez argues that his attorney was ineffective at his sentencing by allowing a prior conviction under 21 U.S.C. § 851(b) to increase his mandatory

minimum sentence from 10 to 20 years.[2]

First, he contends that his attorney failed to adequately explain 21 U.S.C. §
851(b).  But the information filed by the government on March 5, 2004, before
Mr. Lopez's trial, clearly states that if Mr. Lopez were to be convicted at trial his
mandatory sentence would be increased to twenty years based on his prior
conviction.  (Criminal Case No. 1:03-CR-00062-TC-7, Dkt. # 316.)  Mr. Lopez
does not state that he did not receive this information from his attorney or that he
did not understand he would receive at least a twenty-year minimum sentence if
convicted because of his prior conviction.  Accordingly, the court finds that Mr.
Lopez was adequately advised before the start of his trial that his prior felony
would mean a minimum twenty-year sentence if convicted at trial under 21 U.S.C.
§ 851(b).

Mr. Lopez next maintains that his attorney provided ineffective assistance
when he failed to challenge Mr. Lopez's prior conviction.  But Mr. Lopez does not
provide any grounds upon which his prior conviction could have been challenged.
Mr. Lopez offers <u>United States v. Wagner</u>, 994 F.2d 1467 (10th Cir. 1993) in
support of his argument.  (Pet. Br. 10.)   But the "issue in <u>Wagner</u> was whether

---

[2] Stephen R. McCaughey was Mr. Lopez's attorney.

possession of a listed precursor chemical constituted a controlled substance offense under § 4B1.2(b)." United States v. Smith, 433 F.3d 714, 716-17 (10th Cir. 2006). Moreover, the United States Sentencing Commission did not agree with the Wagner decision and added '[u]nlawfully possessing a listed chemical with intent to manufacture a controlled substance . . . is a controlled substance offense." Id. at 717 (quoting U.S.S.G. § 4B1.2). In contrast, Mr. Lopez's prior conviction involved the transportation for sale of marijuana, not a precursor chemical. Also, Mr. Lopez does not offer any evidence with which his attorney might have challenged his prior conviction. Accordingly, the court finds that his attorney did not have a basis from which to challenge Mr. Lopez's prior conviction. The record also shows that Mr. Lopez's attorney filed a motion in an attempt to reduce Mr. Lopez's sentence. (Mot. Downward Departure, dkt. # 448.)

Finally, Mr. Lopez contends that his attorney failed to render effective assistance when his attorney did not challenge the court's noncompliance with 21 U.S.C. § 851(b). Mr. Lopez argues that the under § 851(b), the court was required to ask Mr. Lopez whether he confirmed or denied his prior conviction and that the court was obligated to inform him that his challenge is waived if not made before his sentencing. Mr. Lopez is technically correct that at his April 26, 2005

sentencing the court did not specifically ask him whether he confirmed or denied his prior conviction, nor informed him that his challenge would be waived. But over a year had passed between the filing of the information (March 5, 2004) stating Mr. Lopez's minimum sentence would be twenty years and his April 26, 2005 sentencing hearing without a challenge from Mr. Lopez. And the minimum twenty-year sentence was adequately discussed at the hearing after which Mr. Lopez was given a chance to respond:

> Mr. McCaughey:     Your Honor, as to the quantity, we would adopt Mr. Weiss' argument. I don't think there's any need to rehash that, but I think he talked about the beyond a reasonable doubt standard. I think the quantity in this case the government's limited to the two counts that they've convicted Mr. Lopez on, which as I remember is a thousand grams of a mixture of substance, which puts him at a level 32. And I realize with the 851 that he has he's looking at a minimum of 20 years, minimum mandatory 20 years. So in light of that I'd ask the court to impose the minimum sentence of 20 years.

[Discussion between the court and Mr. Kennedy (government counsel) of the potential for additional levels]

Mr. Kennedy:    It would.  And then if the court accepted the leader/organizer enhancement, that's another three levels, which is 41, which is what gets the 360 under the advisory guideline range.

The Court:   All right. Mr. Lopez, anything you wish to say, sir?

The Defendant:    Yeah, Your Honor.  It's been almost a year since the trial, and I've had a lot of time to think about it, and I want to apologize to everybody that I have affected with my actions, and I'm ready to move on.  I'm truly sorry for what I've done.

(Sentencing Hr'g Tr. 2-4, Apr. 26, 2005, 1:03-CR-00062-TC, Dkt. No. 593.)

Also, because Mr. Lopez's attorney was attempting to lower Mr. Lopez's sentence to only the twenty-year minimum it would not have made sense for his attorney to challenge the court on the technicality of confirming the prior conviction as Mr. Lopez's attorney was using the twenty-year minimum in his argument to keep the sentence from being assessed at the 292 or 360 month level.

-7-

Accordingly Mr. Lopez's attorney did not provide ineffective assistance by not challenging the court on Mr. Lopez's prior conviction.

PREJUDICE

To show prejudice, Mr. Lopez must show that the result of the proceeding was fundamentally unfair or unreliable.  Here, the extra sentencing levels available against Mr. Lopez were substantial.   Mr. Lopez was easily looking at a minimum of 292 months with a level 38 and possibly 360 months with a level 41 enhancement.  (Sentencing Hr'g Tr. 3-4, Apr. 26, 2005, 1:03-CR-00062-TC, Dkt. No. 593.)  But more importantly, Mr. Lopez has not offered any evidence that would establish a different outcome if his attorney would have challenged the § 851 twenty-year sentence.  Mr. Lopez has only offered conclusory statements that his prior conviction was not a prior conviction under § 851.  Accordingly, any errors his attorney or that the court may have made in regards to § 851 would not have affected the outcome of Mr. Lopez's sentence and therefore, were not prejudicial to Mr. Lopez.

Moreover, as noted above, Mr. Lopez's claims that his attorney was ineffective are not supported.  There is simply nothing in the record that would show that his attorney's claimed errors had an impact on the outcome of Mr.

Lopez's sentence.

For the above reasons, Mr. Lopez's petition is DENIED.[3]

SO ORDERED this 21st day of November, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[3]Because the records in this case show that Mr. Lopez is not entitled to relief, the court denies his motion for a hearing.